**ROBERTS & KEHAGIARAS LLP**
Cameron W. Roberts (State Bar No. 176682)
cwr@tradeandcargo.com
Theodore H. Adkinson, Esq. (State Bar No. 167350)
tha@tradeandcargo.com
100 West Broadway, Suite 660
Long Beach, CA 90802
Telephone: (310) 642-9800
Facsimile: (310) 868-2923

Attorneys for defendant C.H. ROBINSON INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NAVIGATORS INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>     vs.<br><br>C.H. ROBINSON INTERNATIONAL, INC.; and DOES 1-15,<br><br>             Defendants. | Case No. 2:24−cv−10940 WLH (PDx)<br><br>**DEFENDANT C.H. ROBINSON INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

**TO THE HONORABLE COURT AND ALL PARTIES:**

NOW COMES Defendant, C.H. ROBINSON INTERNATIONAL, INC. ("CHR"), by and through its attorneys of Roberts & Kehagiaras, LLP, and for its Answer to Plaintiff's Complaint for Damage to Cargo, states as follows:

1. CHR lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1, and therefore, denies the same and demands strict proof thereof.

2. CHR admits only that C.H. Robinson International, Inc., is a Minnesota corporation with its principal place of business at 14701 Charlson Road, Eden Prairie, MN 55347, but denies that C.H. Robinson International, Inc. had any involvement in arranging the transportation of the subject cargo, and denis that C.H. Robinson International Inc. is a correctly named defendant in this Action. Further answering, CHR lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 2, and therefore, denies the same and demands strict proof thereof.

3. CHR lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in Paragraph 3, and therefore, denies the same and demands strict proof thereof.

**FIRST CAUSE OF ACTION**

**(Breach of Contract of Carriage Against Defendant)**

4. CHR admits only that on or about November 29, 2023, Phison International Inc. ("Phison"), as a freight forwarder, engaged C.H. Robinson Worldwide, Inc., d/b/a C.H. Robinson Company (hereafter "CHR"), not C.H. Robinson International, Inc., as a property broker to arrange for the carriage of cargo of 5,000 hair dryers from 247 E Redondo Beach Blvd, Gardena, CA 90248 to Phison's end customer

1  Skin Research Institute. CHR denies any and all of the remaining
2  allegations contained in Paragraph 4, including the specific allegation
3  that CHR "received" the Cargo in any way or at any time, for this
4  shipment.
5      5.    CHR denies it received the Cargo and is without knowledge
6  and information sufficient to form a belief as to the truth of the
7  remaining allegations contained in Paragraph 5.
8      6.    CHR denies all of the allegations contained in Paragraph 6.
9      7.    CHR denies all of the allegations contained in Paragraph 7.
10      8.    CHR denies all of the allegations contained in Paragraph 8.
11      9.    CHR is without information or knowledge sufficient to form
12  a belief as to the truth of the remaining allegations in Paragraph 9 and,
13  therefore, denies the same, including the implication that CHR acted as
14  a motor carrier, at any time, for this shipment.
15      10.    CHR is without information or knowledge sufficient to form
16  a belief as to the truth of the remaining allegations in Paragraph 10 and,
17  therefore, denies the same.
18      11.    CHR admits only that it has not paid any part of the amount
19  demanded by Plaintiff but denies it has any liability for the damages.
20  Answering further, CHR is without information and knowledge
21  sufficient to form a belief as to the truth of the remaining allegations in
22  Paragraph 11 and, therefore, denies the same.

### SECOND CAUSE OF ACTION
### (Breach of Contract for Broker Services)

25      12.    CHR incorporates its responses to Paragraphs 1 through 11
26  as its response to Paragraph No. 12 as though fully set forth herein.
27      13.    CHR admits only that on or about November 289, 2023,
28  Phison as a freight forwarder engaged and contracted C.H. Robinson

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

Worldwide, Inc., d/b/a C.H. Robinson Company (hereafter "CHR"), not C.H. Robinson International, Inc., as a property broker to arrange for the carriage of the Cargo by motor truck from Gardena, CA to American Fork, UT. Further answering, CHR denies any remaining allegations contained in Paragraph 13, including the implication that CHR acted as a motor carrier, at any time, for this shipment.

14. CHR denies all the allegations contained in Paragraph 14.

15. CHR denies all the allegations contained in Paragraph 15.

16. CHR is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, therefore, denies the same.

17. CHR admits only that all but 222 of the 5,000 hair dryers were lost in transit and never delivered to their final destination. Answering further, CHR denies any and all remaining allegations contained in Paragraph 17.

18. CHR denies all of the allegations contained in Paragraph 18.

## THIRD CAUSE OF ACTION
**(Negligence Against Defendant)**

19. CHR incorporates its responses to Paragraphs 1 through 18 as its response to Paragraph No. 19 as though fully set forth herein.

20. CHR denies all of the allegations in Paragraph 20.

21. CHR denies all of the allegations in Paragraph 21.

22. CHR denies all of the allegations in Paragraph 22.

23. CHR denies all of the allegations in Paragraph 23.

24. CHR denies all of the allegations in Paragraph 24.

///
///
///

ROBERTS & KEHAGIARAS LLP
www.tradeandcargo.com

## FOURTH CAUSE OF ACTION
### (Bailment Against Defendant)

25. CHR incorporates its responses to Paragraphs 1 through 24 as its response to Paragraph No. 25 as though fully set forth herein.

26. CHR denies all of the allegations in Paragraph 26.

27. CHR denies all of the allegations in Paragraph 27.

28. CHR denies all of the allegations in Paragraph 28.

## AFFIRMATIVE DEFENSES

Defendant, CHR, by its undersigned counsel, states the following defenses to Plaintiff's Complaint without assuming the burden of proof on any such defense that would otherwise rest with the Plaintiff and reserves the right to amend and/or supplement its responses to the Plaintiff's allegations, as well as these defenses, as additional information is obtained in investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

The Breach of Contract of Carriage Claim alleged in Plaintiff's Complaint fails to state a claim upon which relief may be granted against CHR and, therefore, must be dismissed. Count I against CHR fails to allege facts constituting a cause of action upon which relief may be granted. Instead, Plaintiff merely recites legal conclusions seeking to establish that CHR performed services as a carrier or breached its alleged duties as such. CHR expressly denies that it acted as a carrier of any kind within the meaning of the Carmack Amendment, 49 U.S.C. Sec. 14706, or otherwise, nor has Plaintiff alleged facts sufficient to establish that CHR acted in such a capacity.

### SECOND AFFIRMATIVE DEFENSE

If any loss or damage did occur to the subject cargo, then none of said loss or damage was caused or contributed to by any fault, neglect,

or breach of contract on the part of CHR, but rather from a cause or causes from which CHR is expressly exempted or limited from responsibility under the applicable terms and conditions of service and the contracts applicable to the transportation or handling of the subject cargoes or to the services that CHR provided, including any terms and conditions or defenses which could have been asserted by Phison International, Inc. in defense of this claim, and between CHR and Phison International, Inc. CHR claims the benefit of each provision contained in said terms and conditions or contracts, including an agreement between the parties limiting liability.

### THIRD AFFIRMATIVE DEFENSE

The negligence (Third Cause of Action) and bailment claims (Fourth Cause of Action) against CHR are preempted in whole or in part by the Interstate Commerce Commission Termination Act, 49 U.S.C. § 14501 (b), and the Federal Aviation Administration Authorization Act ("FAAAA") 49 U.S.C. § 14501 (c).

### FOURTH AFFIRMATIVE DEFENSE

CHR has no liability to Navigators because the loss alleged was not proximately caused by any breach of contract by CHR but by the extraordinary, unforeseeable, and intervening criminal acts of third parties.

### FIFTH AFFIRMATIVE DEFENSE

The alleged damages complained of were caused by the direct and proximate negligence of other parties, their agents or employees, or by others unknown at this time over whom C.H. Robinson had no control at any time relevant hereto, and in the event CHR is found liable to Plaintiff, which liability is expressly denied, CHR will be entitled to indemnification, contribution or apportionment of liability pursuant to

applicable law, from the actual motor carriers of the subject cargo, Stone Enterprise and other at fault parties.

### SIXTH AFFIRMATIVE DEFENSE

CHR has no liability to Navigators because of a superseding cause.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, Navigators, its subrogors, agents, representatives, assignees, or predecessors in-interest failed to mitigate the alleged damages, or paid this claim without asserting the valid and enforceable liability limits of its insured, Phison International, Inc., and the recovery herein, if any, should reflect a diminution in a sum equivalent to that portion of the Navigators' damages that each of the above persons could have mitigated or refrained from paying. Therefore, Plaintiff is barred from recovery of all or part of its claimed damages and losses.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff, Navigators cannot recover the damages alleged in the Complaint because said damages are consequential, incidental, and indirect in nature, and CHR had no notice of the possibility of such damages, which were not foreseeable or recoverable under applicable law.

### NINTH AFFIRMATIVE DEFENSE

CHR has no liability to Navigators under the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

CHR is entitled to set-off any payments made by or on behalf of any other defendants, persons, insurers, or entities alleged to be responsible or liable for Navigato's' alleged damages and losses.

## ELEVENTH AFFIRMATIVE DEFENSE

CHR has no liability because of impracticability or impossibility of performance.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's action should be dismissed for failure to join certain indispensable parties to this Action. Further answering, CHR states that C.H. Robinson International, Inc., was not involved in any aspect of arranging the carriage of the subject shipment.

## THIRTEENTH AFFIRMATIVE DEFENSE

The above-stated Affirmative Defenses are based upon information known to date. CHR reserves the right to raise any other additional defenses that cannot now be reasonably determined, or which may become available in the future after further investigation and discovery.

WHEREFORE, Defendant, CHR denies that Plaintiff is entitled to judgment against it in the amount alleged or in any amount, and CHR prays that judgment be entered in its favor, awarding its attorney's fees, costs, and such other and further relief as permitted under all relevant statutes and rules and all relief as the Court deems just.

Dated: December 26, 2024         ROBERTS & KEHAGIARAS LLP

                                 By:   /s/Cameron W. Roberts
                                       Attorneys for Defendant
                                       C.H. ROBINSON INTERNATIONAL, INC.